UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESUS RIVERA and AMANDA ROUGHGARDEN,<br>    Plaintiffs<br><br>v.<br><br>FELIX AGUIRRE, VICTOR ALLDER, ROBERT BELLUCCI, DOUGLAS BERNIER, ALLEY BONEMARY, DONALD BROWN, ARISTIDES CASILLAS, SAMANTHA JONES, BRIAN KEENAN, BRENDAN LINNEHAN, ROBERT PATRUNO, JOSE ROBLES, and THE CITY OF SPRINGFIELD,<br><br>    Defendants | CIVIL ACTION NO._____ |

## **COMPLAINT**

### **INTRODUCTION**

1. This is an action for money damages brought pursuant to the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, the Massachusetts Civil Rights Act, M.G.L. c. 12 §§ 11H and 11I, Article 14 of the Massachusetts Declaration of Rights, and under the common law of the Commonwealth of Massachusetts, against Felix Aguirre, Victor Allder, Robert Bellucci, Douglas Bernier, Alley Bonemary, Donald Brown, Aristides Casillas, Samantha Jones, Brian Keenan, Brendan Linnehan, Robert Patruno, and Jose Robles, (the Defendant Officers), police officers of the City of Springfield, in their individual capacities, and against the City of Springfield. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

1

2. It is alleged that the Defendant Officers made an unreasonable seizure of the persons of the Plaintiffs, Jesus Rivera and Amanda Roughgarden, in violation of their rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights. It is further alleged that these violations and torts were committed as a result of the policies and customs of the City of Springfield.

## PARTIES

3. The Plaintiff, Jesus Rivera (Rivera), is an individual residing at 36 Wendell Place, Springfield, MA 01105.

4. The Plaintiff, Amanda Roughgarden (Roughgarden), is an individual residing at 65 Maynard St., Apt. 1L, Springfield, MA 01109.

5. The Defendant Officers, Felix Aguirre (Aguirre), Victor Allder (Allder), Robert Bellucci (Bellucci), Douglas Bernier (Bernier), Alley Bonemary (Bonemary), Donald Brown (Brown), Aristides Casillas (Casillas), Samantha Jones (Jones), Brian Keenan (Keenan), Brendan Linnehan (Linnehan), Robert Patruno (Patruno), and Jose Robles (Robles), were at all times relevant to the allegations of this Complaint duly appointed and acting officers of the police department of the City of Springfield, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Springfield.

6. The Defendant, City of Springfield, is a municipality of the Commonwealth of Massachusetts and the public employer of said officers.

## STATEMENT OF FACTS

7. On September 27, 2021, Robles received information from an informant concerning a white Chevy Impala with dark tinted windows parked at the corner of Bay and Bowles Streets.

8. The informant informed Robles that the vehicle was occupied by a white female in the driver's seat and two males in the backseat.

9. The informant informed Robles that he or she was present when one of the two men, who was dressed in a black coat and a black hat, pulled out a handgun from the floor board area and placed it into his waistband.

10. Robles relayed this information to Casillas, who relayed it to other officers who set up surveillance of the area.

11. At approximately 11:15 AM, the Defendant Officers observed a white Chevy Impala parked near the intersection of Bay Street and Bowles Street.

12. Roughgarden was seated in the driver seat and Rivera was seated in the backseat.

13. The vehicle was owned by Roughgarden.

14. There were no other occupants inside of the vehicle.

15. Patruno drove by Roughgarden's vehicle and confirmed that Roughgarden was seated in the driver's seat.

16. Patruno was unable to see if anyone was in the backseat of the vehicle.

17. Despite being unable to confirm that the male suspect was in the back seat of the vehicle, Aguirre, Allder, Bellucci, Bernier, Bonemary, Brown, Casillas, Jones, Keenan, Linnehan, and Patruno, surrounded Roughgarden's vehicle with their guns drawn.

18. Aguirre, Allder, Bellucci, Bernier, Bonemary, Brown, Casillas, Jones, Keenan, Linnehan, and Patruno removed Rivera and Roughgarden from the vehicle at gunpoint.

19. Aguirre, Allder, Bellucci, Bernier, Bonemary, Brown, Casillas, Jones, Keenan, Linnehan, and Patruno placed Rivera and Roughgarden in handcuffs and searched them.

20. Aguirre, Allder, Bellucci, Bernier, Bonemary, Brown, Casillas, Jones, Keenan, Linnehan, and Patruno then searched Roughgarden's vehicle.

21. Rivera and Roughgarden remained detained in handcuffs during the search of the vehicle, which lasted approximately forty-five (45) minutes.

22. The search of Rivera, Roughgarden, and the vehicle did not yield any firearms or other illegal contraband.

23. At the conclusion of the vehicle search, Rivera and Roughgarden were released from detention and permitted to leave.

24. Neither Rivera nor Roughgarden were charged with any crime stemming from the search.

25. The Defendant Officers did not obtain a warrant prior to seizing Rivera and Roughgarden and searching them.

26. The Defendant Officers did not obtain a warrant prior to searching Roughgarden's vehicle.

**COUNT I – UNLAWFUL SEARCH AND SEIZURE (42 U.S.C. §§ 1983 and 1988)**
**(DEFENDANT OFFICERS)**

27. The Plaintiffs reallege and incorporate herein Paragraphs 1-26.

28. The Defendant Officers, acting under color of law, intentionally and unlawfully seized Rivera and Roughgarden by removing them from the vehicle at gunpoint and detaining them in handcuffs without probable cause to believe that either of them had committed a crime or were engaged in criminal activity.

29. The Defendant Officers, acting under color of law, intentionally and unlawfully searched

4

Rivera, Roughgarden, and Roughgarden's vehicle without probable cause to believe that evidence of a crime would be located on the persons of Rivera and Roughgarden, or within Roughgarden's vehicle.

30. The actions of the Defendant Officers deprived Rivera and Roughgarden of the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

31. As a direct result, Rivera and Roughgarden were deprived of their liberty and suffered harm.

32. The Plaintiffs are therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

### COUNT II – UNLAWFUL SEARCH AND SEIZURE (G.L. c. 12 §§ 11H and 11I) (DEFENDANT OFFICERS)

33. The Plaintiffs reallege and incorporate herein Paragraphs 1-32.

34. The Defendant Officers, by means of threats, intimidation, and coercion, intentionally and unlawfully seized Rivera and Roughgarden by removing them from the vehicle at gunpoint and detaining them in handcuffs without probable cause to believe that either of them had committed a crime or were engaged in criminal activity.

35. The Defendant Officers, by means of threats, intimidation, and coercion, intentionally and unlawfully searched Rivera, Roughgarden, and Roughgarden's vehicle without probable cause to believe that evidence of a crime would be located on the persons of Rivera and Roughgarden, or within Roughgarden's vehicle.

36. The actions of the Defendant Officers deprived Rivera and Roughgarden of the right to be free from unreasonable search and seizure as guaranteed by Article 14 of the Massachusetts Declaration of Rights.

37. As a direct result, Rivera and Roughgarden were deprived of their liberty and suffered

harm.

38. The Plaintiffs are therefore entitled to damages pursuant to the Massachusetts Civil Rights Act, G.L. c. 12 §§ 11H and 11I.

### COUNT III – FALSE IMPRISONMENT (COMMON LAW)
### (DEFENDANT OFFICERS)

39. The Plaintiffs reallege and incorporate herein Paragraphs 1-38.

40. The Defendant Officers, acting under color of law, intentionally and unlawfully confined Rivera and Roughgarden against their will by removing them from the vehicle at gunpoint and detaining them in handcuffs without probable cause to believe that either of them had committed a crime or were engaged in criminal activity.

41. The Plaintiffs were conscious of said unconsented-to confinement, deprived of their liberty, and suffered harm as a direct result.

42. The Plaintiffs are therefore entitled to damages under Massachusetts common law.

### COUNT IV – FALSE ARREST (COMMON LAW)
### (DEFENDANT OFFICERS)

43. The Plaintiffs reallege and incorporate herein Paragraphs 1-42.

44. The Defendant Officers, acting under color of law, intentionally and unlawfully conducted a *de facto* arrest of Rivera and Roughgarden by removing them from the vehicle at gunpoint and detaining them in handcuffs without probable cause to believe that either of them had committed a crime or were engaged in criminal activity.

45. As a direct result, Rivera and Roughgarden were deprived of their liberty and suffered harm.

46. The Plaintiffs are therefore entitled to damages under Massachusetts common law.

### COUNT V – EXCESSIVE FORCE (42 U.S.C. §§ 1983 and 1988)
### (DEFENDANT OFFICERS)

47. The Plaintiffs reallege and incorporate herein Paragraphs 1-46.

48. The Defendant Officers, acting under color of law, used excessive and unreasonable force in the course of seizing and detaining Rivera and Roughgarden by removing them from the vehicle at gunpoint, thereby depriving Rivera and Roughgarden of the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

49. The Plaintiffs suffered harm as a direct result.

50. The Plaintiffs are therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

### COUNT VI – EXCESSIVE FORCE (G.L. c. 12 §§ 11H and 11I)
### (DEFENDANT OFFICERS)

51. The Plaintiffs reallege and incorporate herein Paragraphs 1-50.

52. The Defendant Officers, by means of threats, intimidation, and coercion, used excessive and unreasonable force in the course of seizing and detaining Rivera and Roughgarden by removing them from the vehicle at gunpoint, thereby depriving Rivera and Roughgarden of the right to be free from unreasonable search and seizure as guaranteed by Article 14 of the Massachusetts Declaration of Rights.

53. The Plaintiffs suffered harm as a direct result.

54. The Plaintiffs are therefore entitled to damages pursuant to the Massachusetts Civil Rights Act, G.L. c. 12 §§ 11H and 11I.

### COUNT VII – ASSAULT (COMMON LAW)
### (DEFENDANT OFFICERS)

55. The Plaintiffs reallege and incorporate herein Paragraphs 1-54.

56. The Defendant Officers intentionally placed Rivera and Roughgarden in fear of an

imminently threatened battery without legal justification by removing them from the vehicle at gunpoint.

57. The Plaintiffs were placed in actual fear of an imminently threatened battery and suffered harm as a direct result.

58. The Plaintiffs are therefore entitled to damages under Massachusetts common law.

### COUNT VIII – DELIBERATELY INDIFFERENT POLICIES AND CUSTOMS
### (42 U.S.C. §§ 1983 and 1988)
### (CITY OF SPRINGFIELD)

59. The Plaintiffs reallege and incorporate herein Paragraphs 1-58.

60. Prior to September 27, 2021, the City of Springfield developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Springfield, which caused the violations of the Plaintiffs' rights.

61. It was the policy and/or custom of the City of Springfield to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City, including, but not limited to, the following incidents:

   a. The unlawful arrest, use of excessive force, and malicious prosecution perpetrated by Officer Kevin Merchant against Natalie Cruz on April 8, 2012.

   b. The use of excessive force perpetrated by Officer Thomas Hervieux against Lee Hutchins on January 20, 2013.

   c. The unlawful arrest, use of excessive force, and malicious prosecution perpetrated by Officer Aaron Butler against Le'Keisha Brown on March 10, 2015.

   d. The excessive use of force perpetrated by Officers Anthony Cicero, Christian Cicero, Daniel Billingsley, Igor Basovskiy, Jameson Williams, and Jose Diaz against Jackie Ligon, Jozelle Ligon, Michael Cintron, and Paul Cumby on April 8,

      2015, which was subsequently unlawfully covered up by Officers Darren Nguyen, Shavonne Lewis, Louis Bortolussi, Derrick Gentry-Mitchell, James D'Amour, John Wajdula, and Nathaniel Perez.

    e. The unlawful seizure, unlawful arrest, use of excessive force, and malicious prosecution perpetrated by Officers Joseph Dunn and Daniel Moynahan against Daniel Bradley on August 26, 2015.

    f. The unlawful seizure perpetrated by Officers Anthony Cicero and John Lopez against George Gunter on September 15, 2015.

    g. The unlawful interrogation and excessive use of force perpetrated by Officer Gregg Bigda against three juveniles on February 27, 2016.

    h. The unlawful seizure and excessive use of force perpetrated by Jefferson Petrie against Jerry Bellamy on June 29, 2017.

    i. The unlawful search and seizure of Jerome Devone by Luis Adames, James Mazza, David Robillard, Allder, Casillas, Keenan, and Robles on April 25, 2019 and June 5, 2019.

62. It was the policy and/or custom of the City of Springfield to inadequately supervise and train its police officers, particularly with respect to conducting warrantless searches and seizures based upon informant tips, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

63. The City of Springfield did not require appropriate in-service training or re-training of officers, including the Defendant Officers, who were known to have engaged in past unlawful conduct, including unlawful searches and seizures based upon informant tips.

64. As a result of the above described policies and customs, police officers of the City of

Springfield, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

65. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Springfield to the constitutional rights of persons within the City of Springfield, and were the cause of the violations of the Plaintiffs' rights alleged herein and the Plaintiffs' resulting damages.

66. The Plaintiffs are therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, the Plaintiffs pray that this Honorable Court enter judgment on their behalf and:

1. Award appropriate compensatory damages to them from the Defendants jointly and severally in an amount to be determined by the Court;

2. Award them interest, costs, and attorney's fees; and

3. Award such other relief as this Court deems just, equitable, and appropriate.

THE PLAINTIFFS HEREBY DEMANDS A JURY TRIAL.

Dated: April 6, 2022                    By: */s/ Peter Alexander Slepchuk*
                                        Peter Alexander Slepchuk, BBO#: 682078
                                        Attorney for the Plaintiffs
                                        155 Maple St., Suite 405
                                        Springfield, MA 01105
                                        Tel: (413) 736-3649; Fax: (413) 747-9022
                                        E-mail: peter.alexander@slepchuklaw.com